ABRAHAM MENDELSON, RESPONDENT, v. ANNA MAE BAKER, APPELLANT.

Submitted May 11, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Elmer W. Romine.*

For the respondent, *Herman M. Cone.*

PER CURIAM.

This is a broker's suit for commissions on sale of real estate. The trial court directed a verdict for the plaintiff.

The broker procured the signature of an intending purchaser to a written contract of sale, which contained a clause now common in that class of contracts, recognizing the plaintiff as broker in the transaction and agreeing to pay him a stated commission.

A number of grounds of appeal are assigned, but we see no merit in any of them except those directed to the exclusion of evidence tending to show that the plaintiff in order to induce the purchaser to sign, had knowingly and willfully misrepresented to him that the property could legitimately be used for the erection of an apartment house, whereas there were in fact certain restrictions prohibiting that use. Among the grounds are the eighth, ninth, tenth, eleventh and twelfth. It appears, or at all events defendant was prepared with evidence to show, and offered to show, the purchaser had refused to complete his purchase because of this alleged misrepresentation and of the restrictions, and that in consequence defendant had lost the sale. All the testimony on this line was uniformly excluded.

Following the general current of authority, our cases hold that the first duty of a broker is loyalty to the interests of his principal, and that his right to commissions depends on his having exercised that loyalty. As stated in the headnote to *Carpenter* v. *Overland Tire Co.,* 102 *N. J. L.* 196 : "Loyalty by a sales agent to the interests of his principal is an essential requisite to the agent's right to recover his commission from the principal; and where he has been a party to the sacrifice of such interests without the principal's knowledge, he has forfeited his right to such commission." The same idea permeates the equity case of *Gordon* v. *Kaplan,* 99 *N. J. Eq.* 390.

Testing the case by this principle, and assuming, as we must, that defendant could have proved that plaintiff, knowing the property was restricted against apartment house purposes, induced an intending purchaser to sign by representing, contrary to what defendant had told plaintiff, that no such restriction existed, and thereby induced defendant to enter into a contract which she believed was open and above

board, we have a case of a broker claiming commission for securing a contract which he knew or should know was unenforceable because of his own false representations on behalf of defendant and to her detriment.

Such a case would obviously call for application of the rule laid down in the Carpenter case, and if the facts were so found by the jury they would bar a recovery.

It was therefore competent and material for defendant to show that her broker had been false to her interests by a misrepresentation on her behalf to which she was no assenting party; and, hence, it was error to exclude evidence on that line. For this reason the judgment will be reversed.